FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30075 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00057-JDS |
| v. | |
| DAVID JOSEPH SANDERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

David Joseph Sanders appeals from the district court's judgment and

challenges the 135-month sentence imposed following his guilty-plea conviction

for distribution and possession with intent to distribute oxycodone, in violation of

21 U.S.C. § 841(a)(1), (b)(1)(C).  We have jurisdiction under 28 U.S.C. § 1291,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Sanders contends that the district court procedurally erred by failing to consider his policy and mitigating arguments and by failing to explain the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Sanders's mitigating and policy-based arguments and found them unpersuasive. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("[D]istrict court's are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."). Moreover, the court adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Sanders also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Sanders's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence in the middle of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id*.

**AFFIRMED.**